# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00270-RJC

| | |
|---|---|
| DANNY CHARLES SNEED, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on pro se Plaintiff's Motion for Summary Judgment, (Doc. No. 12); Defendant's Motion for Summary Judgment, (Doc. No. 14); and Defendant's Memorandum in Support, (Doc. No. 15).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Danny Charles Sneed ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. (Doc. No. 1). On November 19, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 11 to 11-8: Administrative Record at 296). Plaintiff alleged an inability to work due to disabling conditions beginning on June 29, 2011. (Id. at 112). The Commissioner denied Plaintiff's application on January 9, 2013. (Id. at 48–67). Plaintiff filed a timely written request for a hearing on April 8, 2013. (Id. at 112).

On October 14, 2014, Plaintiff, accompanied by a non-attorney representative, participated in and testified at a hearing before an Administrative Law Judge ("ALJ"). (Id. at

112). The ALJ issued a decision on January 7, 2014, denying Plaintiff's claims. (Id. at 109–25). Plaintiff filed a request for review of the ALJ's decision on or about April 1, 2016, which was denied by the Appeals Council on October 9, 2015. (Id. at 13, 1–7). The January 7, 2014 ALJ decision therefore became the final decision of the Commissioner.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on May 26, 2016. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 12), was filed December 2, 2016. Defendant's Motion for Summary Judgment, (Doc. No. 14), and Defendant's Memorandum in Support, (Doc. No. 15), were filed February 6, 2017. Plaintiff did not file a response to Defendant's Motion for Summary Judgment and the time for doing so has passed. The pending motions are ripe for adjudication.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as defined for Social Security purposes, from June 29, 2011 through the date Plaintiff was last insured, March 31, 2014.[1] (Doc. No. 11-7 at 112). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability from June 29, 2011 through March 31, 2014. (Doc. No. 11-7 at 112–21).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

---

[1]     Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Doc. No. 11-7 at 119–20).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 29, 2011, the alleged disability onset date. (Id. at 114). At the second step, the ALJ determined that Plaintiff has the following severe impairments: "status post left knee arthroscopy with a limited synovectomy and medial and lateral menisectomy and a history of asthma/chronic obstructive pulmonary disease." (Id.). In this finding, the ALJ noted Plaintiff's history of hypertension, atrial fibrillation, and cardiomyopathy were "not severe impairments causing more than a slight limitation on [Plaintiff's] ability to perform work-related functions." (Id. at 115). The ALJ also found that Plaintiff's contraction of Lyme's disease had since been relieved with no residual effects, preventing the episode from becoming a severe impairment limiting Plaintiff's ability to perform work-related functions. (Id.). Plaintiff's back pain was also not determined to be a severe limitation, nor was Plaintiff's alleged depression

which was said to have been caused by his knee pain. (Id. at 116). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Id. at 116–17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "light" work. (Id. at 117–19). Specifically, the ALJ found that Plaintiff retained the RFC to perform "light work as defined in 20 CFR 404.1567(b) except: he cannot climb ladders, ropes, and/or scaffolds; he can occasionally kneel, crouch, and climb ramps and stairs; he can frequently crawl; and he must avoid concentrated exposure to fumes, odors, gases, poor ventilation, etc."[2] (Id.). In making reaching his conclusion, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Id. at 119). At the fifth and final step, the ALJ concluded, based on the testimony of a vocational expert and "considering [Plaintiff's] age, education, work experience, and residual functional capacity, [that] there are jobs that exist in significant numbers in the national economy that [Plaintiff] could have performed." (Id.). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined by the Social Security Act, between June 29, 2011 and March

---

[2] Light work is defined as lifting or carrying up to ten pounds frequently and up to twenty pounds occasionally. 20 C.F.R. 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id.

31, 2014.  (Id. at 120).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence.  Hays, 907 F.2d at 1456.  See also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775.  Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Pro se Plaintiff's Motion for Summary Judgment presents two issues. First, whether the ALJ's decision, which misstates relevant evidence, is supported by substantial evidence. (Doc. No. 12 at 1). Second, whether Plaintiff's recent MRI warrants remand to the Commissioner for consideration of additional evidence. (Id.). These issues will be addressed separately.

### A. Substantial Evidence

Defendant concedes that the ALJ misstated part of Crystal Sneed's third-party function report in his discussion of Plaintiff's RFC. (Doc. No. 15 at 8 n.4). As the first piece of evidence he addresses, the ALJ cites the third-party function report, (Doc. No. 11-7 at 14), as stating: "[t]he claimant takes care of his cows and pet dogs by watering and feeding them." (Doc. No. 11-3 at 118). However, the third-party function report actually states that Plaintiff is no longer capable of caring for his animals, and that Plaintiff's son cares for the cows and dogs. (Doc. No. 11-7 at 14). This is consistent with Plaintiff's own function report. (Id. at 9). Defendant in its brief argues the ALJ's error is harmless because there was substantial evidence to support his RFC finding. (Doc. No. 15 at 8 n.4). Because the Court cannot do a proper review to determine whether substantial evidence supports the ALJ's finding, remand is warranted.

It is well established that "it is not within the province of a reviewing court to determine the weight of the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error." Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 658 (4th Cir. 2017). As such, clear misstatements in the ALJ's decision make it impossible for the reviewing court "to conduct a proper review of the record to determine if there was substantial evidence to support the unfavorable decision." Lewis v. Astrue, No. 4:08-2386-GRA, 2009 WL 2914169, at *8 (D.S.C. Sept. 4, 2009). See also Schilling v. Colvin, No.

7:11-CV-176-FL, 2013 WL 1246772, at *5 (E.D.N.C. Mar. 26, 2013) (emphasizing ALJ's factual error was the first reason provided in RFC discussion); Rhyne v. Astrue, No. 3:09-CV-412-FDW-DSC, 2011 WL 1239800, at *3 (W.D.N.C. Mar. 30, 2011) (holding it "inappropriate for [the court] to speculate as to how the ALJ would have weighed the evidence in the absence of his [factual] error").

Here, it is impossible for the Court to determine how much of the ALJ's assessment of Plaintiff's RFC was clouded by the incorrect belief that Plaintiff was capable of tending to his livestock and pets. The ALJ began his discussion of Plaintiff's RFC with a clearly erroneous misstatement of Plaintiff's activities of daily living. (Doc. No. 11-3 at 118). The ALJ later states that "the claimant's treatment notes and reported activities of daily living, to which the undersigned has given significant weight, support a finding that he can perform a range of light work." (Id. at 119). Finally, the ALJ notes that he assigned little weight to Crystal Sneed's third-party function report, to the extent it is inconsistent with Plaintiff's RFC. (Id.).

It is reasonable to infer the ALJ's misstatement of Plaintiff's daily activities played a significant role in his decision to discount Plaintiff's credibility, (Id. at 119), place little weight on the remainder of Crystal Sneed's report, (Id. at 120), and ultimately formulate Plaintiff's RFC, (Id.). However, it is inappropriate for this Court to speculate how the ALJ would have weighed the evidence in the absence of his error. Rhyne, 2011 WL 1239800, at *3.

Having found that the ALJ erred in his factual findings as to a significant stated reason for his determination of Plaintiff's RFC, the Court concludes that the ALJ's finding is not supported by substantial evidence.

B.      Additional Evidence

When presented with new evidence, the Appeals Council "first determines if the submission constitutes 'new and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision.'"  Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011) (quoting § 404.970(b)).  Evidence considered "new" must not seem "duplicative or cumulative."  Id. Evidence considered "material" must present a "reasonable possibility that the new evidence would have changed the outcome" of the ALJ's decision.  Id. (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)).  If the evidence is considered new and material, the Appeals Council must take that evidence into consideration—along with the entire record— when deciding whether to grant review.  Id.  If the Appeals Council then finds that the current record's weight of evidence is contrary to the ALJ's decision, it may grant review and either remand the case back to the ALJ or issue its own decision.  Id.

Plaintiff argues that remand is warranted due to new pathologies from a January 20, 2016 MRI.  (Doc. No. 12 at 1).  Defendant responds by arguing that remand is not warranted because the MRI is not considered new and material evidence relating to the period on or before the date of the ALJ decision.  (Doc. No. 15 at 5).  Upon review, the Court notices that this 2016 MRI appears to have been submitted into to the Medical Evidence of Record for the Appeals Council's review.  (Doc. No. 11-3 at 47–52).  The Appeals Council, however, denied Plaintiff's request for review.  (Id. at 2).  It does not seem that the Appeals Council relied upon this new MRI in their review.  While the 2016 MRI appears in Plaintiff's file, the Appeals Council states it reached its conclusion by considering materials listed on an enclosed Order of Appeals Council—which attached a 2015 brief written by Shaun W. Beach—and records from OrthoCarolina, dated from April 1, 2015 to May 14, 2015.  (Id. at 2).

The Court notes that the ALJ's decision was partly based on a previous 2012 MRI, (Doc. No. 11-8 at 493), of Plaintiff's back. In concluding that Plaintiff's back pain was nothing more than a slight limitation on his ability to work, the ALJ noted that the 2012 MRI revealed "no herniation, stenosis, or nerve compression." (Doc. No. 11-3 at 116). Plaintiff's new MRI, however, described moderate to mild stenosis in the concluding impressions. (Id. at 51–52).

Despite the findings of this 2016 MRI, the question becomes whether or not the new evidence is material to the ALJ's decision. In its review of whether the new evidence was properly relied upon, this Court finds that the 2016 MRI is new in that it is not duplicative due to the symptoms not present in the 2012 MRI. However, the evidence is not material because it does not relate to the pertinent time period. See Finney v. Colvin, 637 F. App'x 711, 716–17 (4th Cir. 2016) (assessing the influence of new evidence with the qualification that the "evidence is relevant to the time period at issue"). The ALJ focused the relevant inquiry as to whether Plaintiff was disabled between June 29, 2011 and March 31, 2014. (Doc. No. 11-3 at 120). Plaintiff's additional evidence postdates this time period by 18 months. While the 2012 MRI may be material to the period under consideration, a 2016 MRI shows symptoms that may have arisen *after* the scope of the ALJ's inquiry. In fact, the Appeals Council considered, but declined to rely upon, records from OrthoCarolina specifically because the "new information [was] about a later time." (Id. at 2).

The ALJ's accounting of Plaintiff's back injury is otherwise based on substantial evidence. Plaintiff's 2012 MRI displayed only mild disc bulges without any signs of "herniation, stenosis, or nerve compression." (Id. at 116). Furthermore, the ALJ noted that Plaintiff did not require any follow up care for his alleged back pain, which suggested that his subsequent stenosis had yet to develop. (Id.). The Court concludes that the ALJ relied on substantial evidence to reach the

conclusion that, during the relevant time period, Plaintiff's back pain was not a "severe impairment causing more than a slight limitation on [Plaintiff's] ability to perform work-related functions." (Id.). Importantly, however, the ALJ's misstatement of fact discussed above nonetheless demands a remand as it clouds the ALJ's RFC analysis as a whole.

## V. CONCLUSION

Because the Court does not find Plaintiff's new evidence pertinent to the relevant period, the 2016 MRI does not warrants remand to the Commissioner for the consideration of additional evidence. However, remand remains appropriate on the basis of the ALJ's factual error. Although the ALJ had substantial evidence to conclude the severity of Plaintiff's back injury, his misstatement of fact risks the overall analysis and eventual determination of Plaintiff's RFC.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**;
3. The Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this case for further administrative proceedings; and
4. The Clerk of the Court is directed to close this case.

Signed: September 26, 2017

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.